IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA,
PENSACOLA DIVISION

JUAN HERNANDEZ
DC No: 406051,

      Plaintiff,

v.                                         CASE NO.: 4:22-cv-00396-WS\MAF

THE GEO GROUP, INC., *et. al.*,

      Defendants.
_____/

### RESPONSE TO OBJECTIONS
### BY DEFENDANT THE GEO GROUP, INC.

Pursuant to Rule 72(b)(2), *Federal Rules of Civil Procedure*, Defendant THE GEO GROUP, INC., ("GEO") responds to Plaintiff's Objections [ECF-58] to the Magistrate's Report and Recommendation [ECF-51], as follows:

I. **Background:**

Plaintiff has been a life-sentenced inmate of the Florida Department of Corrections since 1999. [ECF-8, fn.1]. He sues GEO for injuries arising out of an alleged inmate-on-inmate assault on July 7, 2018, at the GEO-managed Graceville Correctional Facility ("GRCF"). [ECF-17]. Although Plaintiff sues other Defendants for issues related to his healthcare, he only sues GEO for allegedly failing to protect him from the inmate assault. [*Id*. at Counts II (negligent failure

to protect Plaintiff from assault), and IV (failure to protect under the Eight and Fourteenth Amendments)].

GEO moved to dismiss the original Complaint for Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. § 1997e(a)—noting that Plaintiff did not file any grievances in the required time frame. [ECF-8]. In response, Plaintiff filed an Amended Complaint, which raised (for the first time anywhere) self-serving and unsupported allegations that GRCF officers denied him access to grievance forms. [ECF-17, ¶9].

Although GEO denies the accusation, GEO accepted it as true for the limited purpose of its second Motion to Dismiss because the evidence showed that Plaintiff's claims were subject to dismissal *even if* grievance forms were not available to him at GRCF. [ECF-36]. This was because the Florida Administrative Code requires inmates to file grievances "out-of-time" when alleged obstructions prevent their timely filing. [*See* ECF-36 at p.10; Fla. Admin. Code R. 33-103.011(2)].

Here, following the alleged July 7, 2018, attack, Plaintiff was transferred to the FDC's Reception and Medical Center on August 13, 2018, and to the Hamilton Correctional Institution on August 24, 2018. [ECF-17, ¶23]. After leaving GRCF, Plaintiff filed several grievances related to his medical care,

including his care while at GRCF—but none asserting a claim of negligent security/failure to protect. [ECF-40 (Plaintiff's grievances)].

Because Rule 33-103.011(2), *F.A.C.* permitted Plaintiff to file a grievance out-of-time after alleged obstructions were removed, and because the grievance process was unquestionably available to Plaintiff following his transfer from GRCF in August 2023, the Magistrate correctly determined that Plaintiff's failure to exhaust his administrative remedies barred his claims against GEO in this action. [ECF-51 (citing *Filmore v. Cooper*, 2020 WL 1275385, at *6 (M.D. Fla. Mar. 17, 2020) ("Assuming for the sake of argument no formal grievance forms were available when Plaintiff requested them, Plaintiff fails to show he attempted to file a formal grievance once the forms became available [under Rule 33-103.011(2)]."); *Berger v. Godwin*, 2022 WL 797401, at *12 (M.D. Fla. Mar. 16, 2022) ("Berger had avenues available for pursuing his administrative remedies . . . [including] an out-of-time grievance once he arrived at [his new facility]. But because Berger did not do any of these, the Court finds that he failed to exhaust available administrative remedies."); *Sanders v. Walker*, 3:19-CV-1029-J-39MCR, 2020 WL 5255116, at *3 (M.D. Fla. Sept. 3, 2020) (dismissing case under Rule 33-103.011(2) because, "if Plaintiff was denied the form he needed to comply with the rules, he could have sought an extension until such time as he was able to obtain that form" and "[h]e did not do so."); and *Roca-*

*Moreno v. Desouza*, 2020 WL 7774726, at \*4 (S.D. Fla. Nov. 12, 2020)7 ("A prisoner who has not sought to file an out-of-time grievance cannot be considered to have exhausted his administrative remedies.")].

## II.   <u>Plaintiff's objections are without merit</u>.

Plaintiff does not object to the Magistrate's conclusion that he did not exhaust his claims of negligent security/failure to protect against GEO. [ECF-58]. Rather, Plaintiff contends that exhaustion was not required because he *did not know* he could file grievances out of time—making the process "unavailable" to him. For the reasons described below, this argument is without merit.

Plaintiff asserts that it was improper for the Magistrate Judge to presume he knew about the policy permitting out-of-time grievances. Perhaps so; perhaps not. Plaintiff never actually says he wasn't aware of the policy. Plaintiff had an opportunity to assert and provide evidence that he did not know about the policy when responding to GEO's Motion to Dismiss on this issue—but he did not do so.[1] The Magistrate's presumption may have been reasonable in light of Plaintiff's failure to assert lack of knowledge as a defense to exhaustion in his response.

---

[1]   Plaintiff thus wasn't taken by "surprise." [ECF-58, p.5]. The basis of GEO's Motion was clear and Plaintiff had an opportunity to respond. Under the well-established two-step process governing PLRA exhaustion issues, [*see* ECF-51, pp.8-9], Plaintiff was permitted to "submit affidavits and extraneous proofs" that he was unaware of the policy. [ECF-58, pp.5-6]. He simply failed to do so.

But none of this matters. GEO will again assume, for the sake of argument, that Plaintiff did *not* know about the policy. This alone, however, does not excuse Plaintiff from compliance. The Eleventh Circuit has held that for a grievance procedure to be "unavailable "within the meaning of the PLRA, it must not only be "unknown" to the inmate but must also be "<u>unknowable</u>" to the inmate, even with the exercise of reasonable diligence. *Goebert v. Lee Cty.*, 510 F.3d 1312 (11th Cir. 2007).

In *Goebert,* the grievance procedures were "laid out in the jail's General Operating Procedures," but it was undisputed that "no inmate was ever permitted to see those procedures." The plaintiff only obtained the procedures after her attorney procured them through discovery in the lawsuit. In these circumstances, the Eleventh Circuit reasonably held that the grievance procedures were functionally "unavailable" to inmates because they were both unknown and could not have been "discovered through reasonable effort." *Id*. at 1322. The Court thus held that "<u>[a grievance procedure] which is unknown and unknowable is unavailable</u>."

*See also Williams v. Marshall*, 319 Fed. Appx. 764, 768 (11th Cir. 2008) ("An administrative remedy is not available if an inmate does not know about, <u>and cannot discover [it] through reasonable effort</u>.") (quoting *Goebert*); *Pritchett v. Cummings*, 2018 WL 11244837, at *5 (S.D. Fla. Sept. 17, 2018) ("*Goebert*

does not direct that a given inmate's subjective ignorance of his facility's <u>knowable procedures</u> renders those procedures unavailable;" *Minor v. Brown*, 2012 WL 5504860, at \*6 (S.D. Ga. Oct. 16, 2012) ("*Goebert* and [*Marshall*] do not stand for the proposition . . . that a prisoner who does not know of the grievance process is excused from utilizing it. . . . Rather, those cases indicate that <u>the process must be unknown and unknowable by a prisoner who exercises reasonable effort</u>.").

Plaintiff's alleged ignorance of the policy allowing him to file grievances out-of-time is thus not determinative. He must also show that he could not have discovered the policy through reasonable effort. In this regard, Plaintiff fails entirely.

Rule 33-103.011 was adopted in 2005—more than a decade before the events at issue here and while Plaintiff was in FDC's custody. As the Magistrate noted, Rule 33-103.003(2), requires that inmates "receive training in the use of the inmate grievance procedure by institution or facility staff." [ECF-51, p.16]. *See also Davis v. Inch*, 2019 WL 1400465, at \*7 (M.D. Fla. Mar. 28, 2019) (The Florida Administrative Code requires that inmates receive periodic "training on the grievance procedures and must acknowledge their receipt of such training."). As part of the training, the Rule requires that the grievance procedures themselves be made available to inmates. [*Id*.].

The Magistrate's presumption that such training was provided was well founded. In the 10+ years Plaintiff was incarcerated while the Rule was on the books, Plaintiff repeatedly signed forms confirming that he completed the required grievance trainings. [*See* Composite Exhibit "A")].

Plaintiff will doubtless complain that every training he ever received was somehow deficient. But GEO need not rest on these exhibits alone because the availability of the procedures is enshrined in Florida law.

Unlike the hidden policies in *Goebert*, Florida law specifically protects a prisoner's right to access the policies that govern their confinement. First, the Rules are available upon request. *See* Fla. Admin. C. Rule 33-601.100(1) ("Copies of the rules and procedures shall be available to inmates upon request to read or review"). Second, every Florida prison is required to maintain or provide access to a law library, whose collections must include copies of the same rules and procedures. *See* Fla. Admin. Code R. 33-501.301(1), (3), and (5)(b).

Thus, even if Plaintiff's numerous grievance trainings were all somehow deficient, Plaintiff still had ready access to the procedures either through his various facilities' law libraries or by simple request. Such access is sufficient to overcome any claim that the FDC's grievance procedures were "unknowable" to inmates like Plaintiff through reasonable effort. *See e.g. Dipietro v. Barron*, 2021

WL 4480637, at *20 (M.D. Ga. July 22, 2021) ("Plaintiff could have discovered the grievance procedures through reasonable effort by the time they were needed simply by requesting the procedures or visiting the GDCP library.").[2]

In light of the training, access, and protections afforded by Florida law, GEO has met its burden to establish the Florida Administrative Code rules governing inmate grievances were "available" to Plaintiff. Indeed, these laws and protections establish that in Florida—at least in the absence of evidence otherwise—it is reasonable for courts to presume that inmates have access to the relevant procedures.

Because the grievance policies were not "unknowable" to Plaintiff, because they provided an avenue for Plaintiff to file a grievance once any alleged obstructions at GRCF were removed, and because Plaintiff failed to follow those procedures and exhaust his administrative remedies, Plaintiff's claims against GEO in this action are barred by a matter of law. [*See* cases cited on page 3, above].

Plaintiff's Objections should be overruled, and the Court should adopt the Report and Recommendation's finding that Plaintiff failed to exhaust his available administrative remedies as to GEO.

---

[2]   *Report and recommendation adopted*, 2021 WL 4473409 (M.D. Ga. Sept. 29, 2021).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned certifies that the forgoing Memorandum of Law complies with Local Rule 7.1(F) because it contains only 1,627 words.

Respectfully submitted this 14th day of September 2023.

*/s/ Scott J. Seagle*

 Scott J. Seagle, (FBN: 57158)
sjseagle@coppinsmonroe.com
bmiller@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Scott J. Seagle*

# EXHIBIT A

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE  7-26-06

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

EVERGLADES C.I.               406051          Hernandez Juan T
   (LOCATION)                (NUMBER)        (PRINTED INMATE NAME)

                                             (INMATE SIGNATURE)

# EXHIBIT A

## STATE OF FLORIDA

## DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE $\underline{8-10-07}$

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

| _BK CI_ | _406051_ | _Hernandez Ju_ |
|---|---|---|
| (LOCATION) | (NUMBER) | (PRINTED INMATE NAME) |

_____
(INMATE SIGNATURE)

# EXHIBIT A

**STATE OF FLORIDA**

**DEPARTMENT OF CORRECTIONS**

**ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION**

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE ___4 -1-09___

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

___EVERGLADES C.I.___   ___406 051___   ___Hernandez Juan___
(LOCATION)             (NUMBER)          (PRINTED INMATE NAME)

_____
(INMATE SIGNATURE)

# EXHIBIT A

### STATE OF FLORIDA

### DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE 9 14-09

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

| Madison CI (216) | 406051 | Hernandez Jua, |
|---|---|---|
| (LOCATION) | (NUMBER) | (PRINTED INMATE NAME) |

(INMATE SIGNATURE)

# EXHIBIT A

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION


FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE _2-3-10_

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.


WAKULLA ANNEX _____     _406057_     _Hernandez Ivan J_
    (LOCATION)                 (NUMBER)        (PRINTED INMATE NAME)


                                        _____
                                        (INMATE SIGNATURE)

D█████████

# EXHIBIT A

**STATE OF FLORIDA**

**DEPARTMENT OF CORRECTIONS**

**ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION**

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE _6 - 13 - 13_

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

OKALOOSA C.I.                    _406051_          _Hernandez Juan_
    (LOCATION)                   (NUMBER)          (PRINTED INMATE NAME)


                                          _____
                                          (INMATE SIGNATURE)

# EXHIBIT A

### STATE OF FLORIDA

### DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE _8·27-14_

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

Suwannee CI _____          _406051_           _HeRNANdez, Joan_
    (LOCATION)                   (NUMBER)           (PRINTED INMATE NAME)


                                                 _____
                                                 (INMATE SIGNATURE)


Incorporated by Reference in Rule 33-103.003, F. A. C.

# EXHIBIT A

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE *12-7-15*

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

| NWFRC ANNEX | *406051* | *Hernandez Juan* |
|---|---|---|
| (LOCATION) | (NUMBER) | (PRINTED INMATE NAME) |

_____
(INMATE SIGNATURE)

Incorporated by Reference in Rule 33-103.003, F. A. C.



# EXHIBIT A

**STATE OF FLORIDA**

**DEPARTMENT OF CORRECTIONS**

**ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION**


FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE 1-6-1C

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.


| | 406051 | Hernander Juan |
|---|---|---|
| (LOCATION) | (NUMBER) | (PRINTED INMATE NAME) |

(INMATE SIGNATURE)


Incorporated by Reference in Rule 33-103.003, F. A. C.

# EXHIBIT A

### STATE OF FLORIDA

### DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE $\underline{5-12-16}$

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.


| FRANKLIN C.I. | 406081 | Hernandez, Juan |
|---|---|---|
| (LOCATION) | (DC NUMBER) | (PRINTED INMATE NAME) |

(INMATE SIGNATURE)

Incorporated by Reference in Rule 33-103.003, F. A. C.

# EXHIBIT A

### STATE OF FLORIDA

### DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE  8/ 1/ 17

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.


GRACEVILLE C.F.(159)          406051          Hernandez Juan
    (LOCATION)                (NUMBER)        (PRINTED INMATE NAME)


                                             (INMATE SIGNATURE)


Incorporated by Reference in Rule 33-103.003, F. A. C.

# EXHIBIT A

## FLORIDA

## DEPARTMENT OF CORRECTIONS

### ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE _____

RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A

STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

COLUMBIA C.I. ANNEX          X 406051          X Hernander Juan
_____        _____       _____
(LOCATION)                   (NUMBER)          (PRINTED INMATE NAME)

                                               X _____
                                               (INMATE SIGNATURE)

Incorporated by Reference in Rule 33-103.003, F. A. C.

# EXHIBIT A

**FLORIDA DEPARTMENTO DE CORRECIONES**

**CONOCIMIENTO DE RECIBO DE ORIENTACION DE QUEJAS**


PARA EL REGISTRO:

MI FIRMA ABAJO CERTIFICA, QUE EN ESTA FECHA ___4/23/21___

HE RECIBIDO UNA ORIENTACION SOBRE EL PROCEDIMIENTO PARA LAS

QUEJAS DEL PRESO DE UN MIEMBRO DEL PERSONAL DE DEPARTAMENTO DE

CORRECIONES.


___Col. CI Annex___   ___406051___   ___Hernandez Juan___
     (LUGAR)         (NUMERO)      (IMPRIMA EL NOMBRE
                                          DEL PRESO)


                                        (FIRMA DEL PRESO)